Yongjin Bae, Esq.
Hang & Associates, PLLC
136-20 38th Avenue, Suite 10G
Flushing, NY 11354
Fax: (718) 353-6288
Email: ybae@hanglaw.com
*Attorney for Plaintiff and proposed FLSA Collective*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Wei Wang, individually and on behalf of all other employees similarly situated,<br><br>                              Plaintiffs,<br><br>                    - against -<br><br>Hachi Authentic Japanese Restaurant, Inc. d/b/a Hachi Sushi, Jason Jie-Di Chan, Huoming Li a/k/a Mr. Li (real name unknown) and Danling Li a/k/a Denny Li (real name unknown),<br><br>                              Defendants. | Case No.<br><br>**COLLECTIVE ACTION COMPLAINT** |

Plaintiff Wei Wang ("Plaintiff"), on their own behalf and on behalf of all others similarly situated, by and through his undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against the Defendants Hachi Authentic Japanese Restaurant, Inc. d/b/a Hachi Sushi, Jason Jie-Di Chan, Huoming Li a/k/a Mr. Li (real name unknown) and Danling Li a/k/a Denny Li (real name unknown) (collectively "Defendants"), alleges and shows the Court the following:

**INTRODUCTION**

1.      This is an action brought by Plaintiffs on their own behalf and on behalf of similarly situated employees, including kitchen workers, waiters, delivery drivers, delivery packagers, and

all other non-exempt employees of the Defendants, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New Jersey Wage and Hour Law, N.J.S.A.§34:11-56 et seq. ("NJWHL" hereinafter), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NJWHL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, compensation for all hours worked and overtime compensation for all hours worked over forty (40) each week.

3. Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

4. Plaintiffs further allege pursuant to NJWHL that they are entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) liquidated damages, (4) unpaid wages failed to be paid timely, (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the NJWHL claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7.    Plaintiff Wei Wang (hereinafter Plaintiff "Wang") is a resident of New York State and was employed by the Defendants' restaurant, Hachi Authentic Japanese Restaurant, Inc. d/b/a Hachi Sushi, (hereinafter "Hachi Sushi") located at 98 Linwood Plaza, Fort Lee, NJ 07024.

8.    Plaintiff Wang was hired as a general restaurant support staff, from March 2023 to July 1, 2023.

## DEFENDANTS

9.    Upon information and belief, Defendant, Hachi Sushi had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, Hachi Sushi handled goods moved in interstate commerce.

10.    Upon information and belief, Hachi Sushi has about 8 employees.

11.    Upon information and belief, Defendant Jason Jie-Di Chan (hereinafter "Jason") is the officer, and/or managing agent of Hachi Sushi at 98 Linwood Plaza, Fort Lee, NJ 07024, and participated in the day-to-day operations of Hachi Sushi.

12.    Thus, Defendant Jason acted intentionally and maliciously in management and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, NJWHL §12:56-2.1 and the regulations thereunder. Therefore, Defendant Jason is jointly and severally liable with Hachi Sushi. Huoming Li a/k/a Mr. Li (real name unknown)

13.    Upon information and belief, Defendant Huoming Li a/k/a Mr. Li (real name unknown) (hereinafter "Mr. Li") is the officer, and/or managing agent of Hachi Sushi at 98 Linwood Plaza, Fort Lee, NJ 07024, and participated in the day-to-day operations of Hachi Sushi.

3

He interviewed Plaintiff and determined Plaintiff's salary rate. During Plaintiff's employment in Hachi Sushi, Mr. Li supervised him, and handled Plaintiffs' payrolls. She personally paid Plaintiff's salaries all in cash.

14. Thus, Defendant Mr. Li acted intentionally and maliciously in management and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, NJWHL §12:56-2.1 and the regulations thereunder. Therefore, Defendant Mr. Li is jointly and severally liable with Hachi Sushi.

15. Upon information and belief, Defendant Danling Li a/k/a Denny Li (real name unknown), (hereinafter "Denny") is the officer, and/or managing agent of Hachi Sushi at 98 Linwood Plaza, Fort Lee, NJ 07024, and participated in the day-to-day operations of Hachi Sushi.

16. Upon information and belief, Denny interviewed Plaintiff and determined Plaintiff's salary rate. During Plaintiff's employment in Hachi Sushi, Denny supervised him, and handled Plaintiffs' payrolls. Denny personally paid Plaintiff's salaries all in cash.

17. Thus, Defendant Denny acted intentionally and maliciously in management and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, NJWHL §12:56-2.1 and the regulations thereunder. Therefore, Defendant Denny is jointly and severally liable with Hachi Sushi.

18. Upon information and belief, Defendant Denny is daughter of Defendant Mr. Li.

19. Defendants fired Plaintiff without good cause. During Plaintiff's employment in Hachi Sushi, Defendants Mr. Li and Denny supervised him, and handled Plaintiffs' payrolls. They personally paid Plaintiff's salaries all in cash.

20. Thus, Defendants acted intentionally and maliciously in management and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, NJWHL

§12:56-2.1 and the regulations thereunder. Therefore, Defendant Jason, Mr. Li and Denny are jointly and severally liable with Hachi Sushi.

21. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Hachi Sushi.

22. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff's their lawfully earned basic minimum hourly wages and overtime compensation, and made improper retention of employees' tips, in violation of the NJWHL.

23. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## STATEMENT OF FACTS

24. Defendants committed the following alleged acts knowingly, intentionally and willfully.

25. Defendants knew that the nonpayment of basic minimum hourly wages and overtime compensation would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

26. From March 7, 2023 to July 1, 2023, Plaintiff Wang was hired by Defendants to work as a general restaurant support staff for Defendants' restaurant business located at 98 Linwood Plaza, Fort Lee, NJ 07024.

27. Throughout his employment, Plaintiff Wang worked 6 days a week with Monday off. On Tuesday, Wednesday, Thursday, and Friday, Plaintiff Wang has the same schedule. He would start working at 11:00 am and get off at 10:30 pm. On Saturday and Sunday, he would start working at 12:00 am, and get off at 11:00 pm. Thus, Plaintiff Wang worked from approximately

5

Sixty-Eight (68) hours per week.

28. At all relevant times, Plaintiff Wang was paid at a fixed rate of $2,384 per month, regardless of his actual hours worked. Defendants paid Plaintiff Wang monthly in cash.

29. Defendants did not count or compensate Plaintiff Wang for minimum wages or overtime wages according to state and federal laws.

30. Defendants committed the following alleged acts knowingly, intentionally and willfully.

31. While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

32. Defendants did not provide Plaintiff and other employees with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay.

33. Defendants committed the foregoing acts against the Plaintiffs, and the FLSA Collective Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

34. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New Jersey State overtime rate (of time and one-half), in violation of the FLSA and NYWHL and the supporting federal and New Jersey State Department of Labor Regulations.

35. Plaintiffs bring this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3)

years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

36.     Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than Ten (10) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

37.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

38.     This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

39. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

40. Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiffs and other Collective Action Members are:

> a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;
>
> b. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;
>
> c. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,
>
> d. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

41. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

42. Plaintiffs and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## STATEMENT OF CLAIM

### COUNT I

**[Violations of the Fair Labor Standards Act—Overtime Wages
Brought on behalf of Plaintiffs and the FLSA Collective]**

43. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

44. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

45. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

46. Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pays violated the FLSA.

47. Therefore, at all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

48. The FLSA and supporting regulations required employers to notify employees of employment law requirements. 29 C.F.R. §516.4.

49. Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' and FLSA Collectives' labor.

50. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the FLSA Collective the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure the Plaintiffs and Collective Action members. Therefore, Plaintiffs and the FLSA collection shall recover from Defendants their unpaid overtime wages, and in an additional equal amount as liquidated damages.

**COUNT II**

**[Violations of the NJWHL—Overtime Wages
Brought on behalf of Plaintiffs]**

51. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

52. NJWHL 12:56-6.1 provides that, for each hour of working time in excess of 40 hours in any week, except for those exemptions set forth in N.J.S.A. 34:11-56a4 or as provided in N.J.A.C. 12:56-7.1, every employer shall pay to each of his or her employees, wages at a rate of not less than 1 and ½ times such employee's regular hourly wage.

53. Defendants' failure to pay Plaintiffs their overtime wages required by law violated the NJWHL.

54.     Therefore, at all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the NJWHL.

55.     The NJWHL and supporting regulations required employers to notify employees of employment law requirements. NJWHL 8:43E-8.6 et seq.

56.     Defendants willfully failed to notify Plaintiffs of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' labor.

57.     Defendants knowingly and willfully disregarded the provisions of the NJWHL as evidenced by their failure to compensate Plaintiffs the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure the Plaintiffs. Therefore, Plaintiffs shall recover from Defendants their unpaid overtime wages, and in an additional equal amount as liquidated damages.

### COUNT III

#### [Violations of the Fair Labor Standards Act—Minimum Wages Brought on behalf of the Plaintiffs and the FLSA Collective]

58.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

59.     The FLSA requires employers of covered employees who are not otherwise exempt to pay these employees a minimum wage of not less than $7.25 per hour effective July 24, 2009.

60.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime

compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

61. Defendants' failure to pay Plaintiffs at the required statutory minimum wage rate violates the FLSA.

62. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the FLSA Collective at the statutory minimum wage rate violates when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members. Therefore, Plaintiffs and the FLSA collection shall recover from Defendants their unpaid minimum wages, and additionally an equal amount as liquidated damages.

## COUNT IV

### [Violations of the NJWHL—Minimum Wages
### Brought on behalf of the Plaintiffs]

63. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

64. N.J.A.C. 12:56-3.1 provides the New Jersey State minimum wage rate, and the rate is adjusted every year. Pursuant to N.J.A.C. 12:56-3.1, in 2023 the minimum wage rate was $14.13 per hour.

65. NJWHL also listed the state minimum wage rate for the last three years.

66. Thus, at all relevant times, Plaintiffs Wang were paid below the New Jersey state minimum wage rate (as listed above).

67. Defendants' failure to pay Plaintiffs at the required statutory minimum wage rate violates the NJWHL, and NJAC.

68. Defendants knowingly and willfully disregarded the provisions of the NJWHL as

evidenced by their failure to compensate Plaintiffs at the statutory minimum wage rate violates when they knew or should have known such was due and that failing to do so would financially injure the Plaintiffs. Therefore, Plaintiffs shall recover from Defendants their unpaid minimum wages, and additionally an equal amount as liquidated damages.

## COUNT V

### [Violation of New Jersey Wage Payment Law]

69. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

70. The actions of Defendants give rise to violations of the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1, et seq. ("WPL").

71. Under N.J.S.A. 34:11-4.2, every employer shall pay the full amount of wages due to his employees at least *twice* during each calendar month, on regular pay days designated in advance by the employer, in lawful money of the United States or with checks on banks where suitable arrangements are made for the cashing of such checks by employees without difficulty and for the full amount for which they are drawn.

72. Defendants continuously failed to pay Plaintiffs their full amount of wages when lawfully due.

73. Defendants' actions to violate the law were done intentionally and with malice.

74. Further, Plaintiffs have been required to retain counsel to assist Plaintiffs in asserting Plaintiffs' claims and protecting Plaintiff's rights.

75. Defendants are liable to Plaintiffs under the WPL for all unpaid wages due, together with, interest, attorney's fees and penalties, including but not limited to an amount of

liquidated damages equal to not more than 200 percent of the wages lost or of the wages due, together with costs and reasonable attorney's fees as are allowed by the court.

## **Prayer For Relief**

WHEREFORE, Plaintiffs, on behalf of themselves, and the FLSA collective, respectfully request that this court enter a judgment providing the following relief:

a) Authorizing plaintiffs at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and NJWHL;

e) An injunction against Sushi To Go Cherry Hill, LLC, its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f) An award of unpaid overtime wages due under FLSA and NJWHL, whichever is greater;

g) An award of unpaid minimum wages due under FLSA and NJWHL, and unpaid wage deductions, whichever is greater;

h) An award of damages for Defendants' failure to pay Plaintiff his full amount of wages when lawfully due.

i) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

k) An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to NJWHL;

k) An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to pay timely compensation pursuant to N.J.S.A. 34:11-4.2;

k) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay minimum wages pursuant to 29 U.S.C. §207(a);

l) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay minimum wages pursuant to NJWHL;

m) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NJWHL 34:11-56a25.;

o) The cost and disbursements of this action;

p) An award of prejudgment and post-judgment fees;

and

q) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York    HANG & ASSOCIATES, PLLC.

July 18, 2023        /s/ *Yongjin Bae*

    Yongjin Bae, Esq.
    136-20 38th Avenue, Suite 10G
    Flushing, New York 11354
    Tel: 718.353.8588
    ybae@hanglaw.com
    *Attorneys for Plaintiff*

# **EXHIBIT 1**

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Hachi Authentic Japanese Restaurant Inc. d/b/a Hachi Sushi or related entities and individuals. I consent to be a plaintiff in an action to collect unpaid wages and minimum wages.

__Wang Wei__
Full Legal Name (Print)

__Wang Wei__
Signature

__2023.7月6日__
Date